PULETUIMALO D. KOKO, on behalf of himself and the PULETU FAMILY, and TALAMATAVAO MORU MANE TUIAGAMOA, Plaintiffs,

v.

FAATAMAALI'I PRITCHARD, as Administrator of the ESTATE OF FUIAVAILILI PRICTCHARD, ELIONENAI PRITCHARD, KISHON PRITCHARD, and DOES 1-10, Defendants.

High Court of American Samoa
Land and Titles Division

LT No. 23-04

March 1, 2005

Before RICHMOND, Associate Justice; LOGOAI SIAKI, Chief Associate Judge; and SAGAPOLUTELE, Associate Judge.

Counsel: For Plaintiffs, Marie A. Ala`ilima
For Defendants, Charles V. Ala`ilima
For Defendant Douglas Crane Kneubuhl in LT No. 23-03, Jeffrey Waller

ORDER CONFIRMING CONSOLIDATION, ISSUING PRELIMINARY INJUNCTION, AND REFERING ACTION FOR DISPUTE RESOLUTION PROCEEDINGS

The hearing leading to this order was held on February 18 and 22, 2005. Originally, the hearing was for Defendants' application for a preliminary injunction. Shortly before the hearing began on February 18, Plaintiffs filed their application for a preliminary injunction. Having reviewed Plaintiffs' application over the intervening weekend, we joined the hearings on both applications during the continued proceedings on February 22.

As the first order of business on February 18, and with counsel's concurrence, we consolidated this action with the previously consolidated actions, LT Nos. 23-03, 26-03, and 40-04. All four actions pertain to issues of ownership of a large land area in Leone, known by all parties by the name "Fuamete." During the hearing on the parties' applications for preliminary injunctions in LT No. 40-04 on January 19-21, 2005, we received considerable evidence that was relevant to the present applications and, for purposes of the present applications, have considered that evidence as well as the evidence received on February 18 and 22.

The parties' respective objectives raised by the applications heard in January 2005 were to permit or prevent, while LT Nos. 23-03, 26-03, and 40-04 are pending, completion of the house Kishon Pritchard, a Defendant in this action, has under construction on "Fuamete." On January 31, 2005, we issued a preliminary injunction permitting Kishon to complete construction of her house at this time and enjoined Puletu D. Koko ("Puletu"), one of the two Plaintiffs in this action, from further actions obstructing the construction.

The parties' ultimate objectives raised by the present applications are to permit or prevent, while all four actions are pending, further agricultural and other activities within the contested title area.

The contested area for purposes of the present preliminary injunction applications is appropriately defined as the line of the fence erected by Kishon's father, Fuiavailiili William Pritchard ("Fuiavailiili") many years ago along the eastern, southern, and western sides of the Pritchard's cattle farm and the northern boundary of Fuiavailiili's registered but contested 12.51 acres, as his individually owned land, generally along or above the ridgeline in this area.

Talamatavao Moru Mane Tuiagamoa ("Talamatavao), the other Plaintiff in this action, and a Puletu family member, with his more immediate family members and workers, commenced new agricultural plantings in December 2004 generally within the flat northeastern sector, within the old cattle farm fence line. Though Talamatavao claims that he and his family have cultivated this area for many years, and it is apparent that any such activity has been dormant for a substantial period of time. Talamatavao's present clearing and cultivation activity has clearly disrupted normal living conditions of the family residing in the central portion of the defined area. The activity has also intruded closely to a Pritchard family grave site. Several dogs owned by this family have recently died near their house.

Dogs owned by the Pritchards have also been found dead within the defined area. The circumstances suggest poisoning.

Likewise, in December 2004, Puletu clearly interfered with Kishon's house construction, using new plantings to make access to the construction site difficult. He has also renewed harvesting the fruits of existing plantings along the ridgeline to the north above the government water tank and Kishon's house construction site. He maintains that this is traditional Puletu family activity in this area. However, his family's agricultural pursuits there have been sporadic at most for a substantial time period.

Our January 31 finding on the likelihood of success at trial stands. Significant factual and legal issues need further in-depth development and analysis before this and the other consolidated actions before these actions can be fully resolved on the merits. Both sides in this action have sufficiently established this preliminary injunction criterion.

We again balance the equities between the parties and their respective interests on the irreparable or great harm criterion. Plaintiffs have shown a basis, at least historically, for their claims of agricultural use of portions of the defined area. However, they are now using self-help remedies to support their claims. This approach is particularly inappropriate during pending litigation. If Plaintiffs are stopped from further activity within the defined area, they may lose the food value of some growing crops. However, they still have other land available to provide for their family's subsistence needs. On the other hand, Defendants are being subjected to great immediate harm by Plaintiffs' continuing confrontational intrusions into the defined area. On balance, Defendants are suffering the greater harm. Plaintiffs should be prevented from engaging in further activity within the defined area, until this and the other cases are decided.

By Plaintiffs' present preliminary injunction application, Puletu asks us to revisit our January 31 order permitting Kishon to complete construction of her house. We find no reason to do so, and the January 31 preliminary injunction remains in effect.

## Order

1. This action is consolidated with LT Nos. 23-03, 26-03, and 40-04.

2. Defendants' application for a preliminary injunction in this action is granted. Plaintiffs' application for a preliminary injunction is denied.

3. While this action is pending or until further order of the Court, Plaintiffs and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them are enjoined from entering, clearing, or performing any agricultural, building, or other activity within the defined area.

4. Except for appropriate interim orders, further proceedings are suspended, and this action is also referred for inclusion in the ongoing dispute resolution proceedings before the Secretary of Samoan Affairs, until the Secretary issues jurisdictional certificate of irreconcilable dispute.

It is so ordered.